IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CARLOS JOHNSON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-882-SMY |
| RICKY DAUGHERTY, | ) | |
| DR. BURRELL, | ) | |
| JEFFERY DENNISON, | ) | |
| BOB ALLARD, | ) | |
| HUGHES, | ) | |
| JAMES, | ) | |
| AUSTIN LASTER, | ) | |
| ROB JEFFREYS, | ) | |
| AMY BURLE, | ) | |
| C. HOUSMAN, | ) | |
| K. SMOOT, | ) | |
| KASEY HUGHES, | ) | |
| WEXFORD HEALTH CARE PROVIDER, | ) | |
| IDOC, | ) | |
| K. SEIP, | ) | |
| and GLADYSE C. TAYLOR, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Carlos Johnson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Western Illinois Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Shawnee Correctional Center ("Shawnee"). Plaintiff submitted an Amended Complaint for review and a Motion to Amend Complaint was docketed and is now before the Court (Doc. 6). Plaintiff's Motion to Amend is **GRANTED**. The Clerk of Court is **DIRECTED** as follows: to file Plaintiff's Amended

1

Complaint on the docket; to add Dr. David, Sgt. Grear, Kim Johnston, Lt. Gentry, M. Littrell, R. Barnard, Nurse Reynolds, Nurse Blake, C/O Owens, Z. Moore, Lt. Bradford, Harry Allard, John Doe Sergeant, and Sgt. Johnson to the docket; and to correct Dr. Burrell's name to Dr. Thomas Burrell and Kasey Hughes's name to Kasey Freeman.

Plaintiff claims Defendants failed to protect him from two inmate assaults in violation of the Eighth Amendment and retaliated against him in violation of the First Amendment. He also alleges that Defendants were deliberately indifferent to the injuries resulting from the assaults, in violation of the Eighth Amendment. He seeks monetary damages and declaratory relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint: On February 14, 2019, Plaintiff was in the commissary when Inmate Sykes threatened him in a loud voice. C/O Ricky Daugherty was also in the commissary taking cell numbers down and overheard the threat but ignored it and continued with his count. Plaintiff left the commissary building and was struck in the mouth and knocked unconscious by Sykes. Daugherty then pulled Sykes away from Plaintiff.

As a result of the February 14, 2019 assault, Plaintiff suffered an injury to his front tooth (tooth #9). Dr. Thomas Burrell saw Plaintiff for the injury and took an x-ray which showed

2

moderate bone loss.  Dr. Burrell also tried to push the tooth back causing Plaintiff pain.  He prescribed Plaintiff amoxicillin and ibuprofen and stated that he would follow-up with Plaintiff in 7 days.

Dr. Burrell visited Plaintiff in segregation to examine his tooth on February 21, 2019.  He recommended pulling tooth #14 but Plaintiff stated that he had previously been told by a prison dentist that the tooth would need oral surgery.  Plaintiff informed Sgt. Grear that he did not want treatment from Dr. Burrell and wanted to return to his cell, but Dr. Burrell grabbed Plaintiff by the throat and told him to open his mouth.  Sgt. Grear yelled three times for Dr. Burrell to let go of Plaintiff's throat.  Sgt. Grear failed to file an incident report, in violation of IDOC policy.

Plaintiff saw Dr. Burrell on April 2, 2019 and he again offered to pull the tooth.  As the two were discussing his teeth, Dental Hygienist James entered the office and asked Plaintiff several times "Do you know where [you're] at?  We don't have to send you nowhere to get nothing done."  He then stormed out the of the office and informed a correctional officer to remove Plaintiff from the dentist office.  James told Plaintiff to write a grievance about his actions.  Plaintiff believes James denied him medical treatment in retaliation for writing grievances.

On April 20, 2019, Plaintiff spoke with Officer Johnson and asked for medical care as his tooth broke in half while eating lunch.  Officer Johnson called Dr. Burrell about Plaintiff's tooth.  Although Dr. Burrell instructed Officer Johnson to send Plaintiff over for care, John Doe Sergeant denied Plaintiff's request to go to the healthcare unit and told him to lock up.  Nurse R. Barnard falsified Plaintiff's medical records to show that he refused care and was argumentative, further denying him care.

Plaintiff wrote grievances about his medical treatment but K. Seip kept returning them as duplicate grievances when they were not duplicates.  Plaintiff also wrote K. Smoot numerous

letters about his dental treatment, but she did not respond. He also wrote a grievance about his dental care and Burrell's treatment of Plaintiff, but Gladyse C. Taylor and Amy Burle denied the grievance as moot. Jeffrey Dennison also denied a grievance related to his dental care.

Plaintiff saw Dr. Burrell again on April 24, 2019 for the now broken tooth. During the visit, Sgt. Johnson stood over Plaintiff in a threatening manner while Plaintiff was in the dentist chair. Plaintiff again declined Dr. Burrell's request to pull the tooth and Dr. Burrell responded to Sgt. Johnson that he told Plaintiff he could pull the tooth. Plaintiff was afraid during the visit and asked to return to his cell. Plaintiff believes that Sgt. Johnson and Dr. Burrell purposefully intimidated him during the visit to prevent care and as a form of retaliation for filing grievances about his care.

Plaintiff saw nurse Kasey Freeman in the healthcare unit on May 29, 2019 for blood pressure medication and asked for care for his back tooth as it was broken in half and causing him pain. Freeman responded that Plaintiff was blackballed from the dentist because he files too many grievances. Plaintiff did not see anyone for the injuries to his teeth again.

Inmate Sykes and Plaintiff were both placed in segregation as a result of the assault and Sykes told other inmates in segregation that Plaintiff was a state witness and had received full immunity in a triple murder case. Plaintiff wrote an emergency grievance about the threats to Warden Jeffrey Dennison on February 14, 2019 and asked for a transfer and protective custody. He also wrote a letter to Dennison. The grievance was denied by Jeffery Dennison, grievance officer Bob Allard, K. Seip, Administrative Review Board ("ARB") official Amy Burle, and IDOC Director Rob Jeffreys.

Plaintiff wrote another emergency grievance on March 2, 2019 about the threats and that Plaintiff believed he was in danger because other inmates were also threatening him. The

grievance was not deemed an emergency and was sent to counselor Harry Allard. Harry Allard informed Plaintiff that he needed more information, including the incident report and dates of the incident. Harry Allard improperly required Plaintiff to submit the incident report when the grievance involved threats by other inmates and not the original incident report.

Plaintiff went before the Adjustment Committee on February 20, 2019. Adjustment Committee members Lt. Austin Laster and Christopher Housman asked Plaintiff if he feared for his safety. Plaintiff informed the committee members that Inmate Sykes was telling other inmates in segregation that he was a state witness and had received full immunity. Although Plaintiff requested a transfer, Laster and Housman only recommended that Plaintiff be kept separate from Inmate Sykes. Plaintiff also wrote Intel Officer Hughes about the threats but never received a response.

On June 4, 2019, Plaintiff was approached by two inmates who asked Plaintiff if he was a state witness and had received immunity for a triple murder. The two inmates then stabbed Plaintiff multiple times in the face, back, arms, and chest. One of the inmates gouged his right eye with a thumb. His middle finger was dislocated in the attack and he was hit with a hotpot and a sock filled with batteries.

Plaintiff was taken to the healthcare unit after the attack where Kasey Freeman falsified the report by stating that some of the injuries were self-inflicted by Plaintiff. He informed Freeman that his eye hurt and he believed it was cut, but she refused to treat his eye and told him to stop being a baby. Another nurse later noted on June 6, 2019 that his eye was red and had possible abrasions.

Plaintiff met with Lt. Bradford and Z Moore in the Internal Affairs Office on June 5, 2019 after the fight. Plaintiff informed them of the assault. Lt. Bradford pointed out that he had a

grievance from Plaintiff on his desk from February 4, 2019 and noted that it was funny that the grievance related to failure to protect. He then falsely wrote a disciplinary ticket for fighting despite the fact that Plaintiff was the only one that received injuries in the assault by the two inmates.

Plaintiff saw Dr. David on June 6, 2019 for his dislocated finger. Dr David pulled on Plaintiff's finger causing him pain. Dr. David ordered a muscle relaxer, but Nurse Freeman gave Plaintiff a shot of Toridol in addition to the muscle relaxer. Dr. David returned and kept pulling on Plaintiff's finger to reduce the dislocation but fractured the finger in the process. Plaintiff was sent to the emergency room and his left hand was placed in a splint. He was ordered to follow up with an orthopedic physician. At the emergency room, he learned that his blood pressure was 200 over 166 due to the additional medicine given by Freeman.

On June 7, 2019, M. Littrell falsified Plaintiff's medical records stating Plaintiff refused care and that she provided him with Tylenol. M. Littrell did not treat Plaintiff and she never provided him with medication.

On June 10, 2019, Kim Johnston called the orthopedic physician's office and told them Plaintiff would be transferred to another facility for disciplinary purposes and would receive care at his new facility. As a result, Plaintiff's surgery, initially scheduled for June 19, 2019, was postponed. Plaintiff was not able to see the orthopedic physician due to Kim Johnston's call, despite the fact he was not recommended for transfer until he saw the Adjustment Committee on June 13, 2019 and was not transferred until July 31, 2019.

On July 11, 2019 Nurse Reynolds, Officer Owens, Nurse Blake, Lt. Austin Laster, and Sgt. Johnson confiscated Plaintiff's splint for his left arm, stating that it was improperly placed and should have been on his right arm. Plaintiff had received the splint specifically for his left arm at

6

the hospital. The officers and nurses forced the splint off Plaintiff's arm. Plaintiff believes this was done in retaliation for filing grievances because Amy Burle contacted Shawnee about one of his grievances on July 10, 2019. Sgt. Johnson told Plaintiff he had received a phone call and that Plaintiff had stirred up a hornet's nest. Plaintiff reinjured his finger a number of times while at Shawnee because he did not have the splint for protection.

Plaintiff was scheduled for surgery on his finger on July 19, 2019. At 9:30 p.m. on July 18, 2019, Lt. Gentry and an unknown nurse came to his cell and informed Plaintiff that he would have to spend the night in the healthcare unit prior to his surgery. Plaintiff expressed his fear that nursing staff were trying to kill him because they previously gave him medication that raised his blood pressure. Plaintiff informed them that he was not refusing surgery but was refusing the order to spend the night in the healthcare unit. The next day, July 19, 2019, he was not allowed to go to his appointment. Lt. Gentry falsely stated that Plaintiff refused the appointment which delayed Plaintiff's surgery.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** **Ricky Daugherty failed to protect Plaintiff from the assault by Inmate Sykes on February 14, 2019 in violation of the Eighth Amendment.**
>
> **Count 2:** **Jeffrey Dennison, Bob Allard, Amy Burle, Rob Jeffreys, Austin Laster, Christopher Housman, Intel Officer Hughes, K. Seip, and Harry Allard failed to protect Plaintiff from the June 4, 2019 assault in violation of the Eighth Amendment.**
>
> **Count 3:** **Thomas Burrell used excessive force on Plaintiff in violation of the Eighth Amendment.**
>
> **Count 4:** **Thomas Burrell, Dental Hygienist James, Kasey Freeman, John Doe Sergeant, Sgt. Johnson, K. Seip, K. Smoot, R. Barnard, Gladyse C. Taylor, Amy Burle, Kim Johnston, and Jeffrey**

7

> **Dennison were deliberately indifferent to Plaintiff's injured teeth from the February 14, 2019 assault.**
>
> **Count 5:** **Dr. David, Kasey Freeman, Nurse Reynolds, Nurse Blake, C/O Owens, M. Littrell, Sgt. Johnson, Austin Laster, Kim Johnston, K. Smoot, and Lt. Gentry were deliberately indifferent to Plaintiff's injuries from the June 4, 2019 assault.**
>
> **Count 6:** **Lt. Bradford and Z. Moore wrote Plaintiff a false disciplinary ticket for fighting in retaliation for Plaintiff writing grievances in violation of the First Amendment.**
>
> **Count 7:** **Dental Hygienist James, Dr. Burrell, Sgt. Johnson, Kasey Freeman, Nurse Reynolds, Nurse Blake, Officer Owens, Lt. Austin Laster, K. Smoot, and Kim Johnston were deliberately indifferent in their care of Plaintiff in retaliation for Plaintiff writing grievances in violation of the First Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Discussion

### Preliminary Dismissals

Plaintiff's only claim against Sgt. Grear is that he failed to follow IDOC policy when he failed to write an incident report about Dr. Burrell choking Plaintiff. However, the violation of a policy or procedure, however, does not amount to a constitutional violation. *See Whitman v. Nesic*, 368 F.3d 931, 935 n.1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Accordingly, Sgt. Grear will be is **DISMISSED without prejudice**.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff alleges that Wexford Health Care Provider is liable for its employees' actions. The corporation cannot be liable on this basis alone because *respondeat superior* liability is not recognized under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff fails to cite to any such policy or practice. Therefore, Wexford will be **DISMISSED without prejudice**.

Plaintiff also identifies IDOC as a defendant. But Plaintiff cannot maintain his suit against IDOC because it is a state agency entitled to immunity under the Eleventh Amendment. *See, Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Accordingly, IDOC will be **DISMISSED without prejudice**.

## Count 1

Plaintiff alleges that Ricky Daugherty failed to protect him from the assault by Inmate Sykes when he overheard Sykes threaten him and did nothing in response. This allegation is sufficient to state a colorable claim against Daugherty. *Farmer v. Brennan,* 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

## Count 2

Plaintiff adequately states a claim for failure to protect against Jeffrey Dennison, Bob Allard, Amy Burle, Rob Jeffreys, Austin Laster, Christopher Housman, Intel Officer Hughes, and K. Seip as he alleges that he asked these individuals, either in person or through a grievance, for protective custody due to the threats being made to him in segregation and they denied his request.

9

*Farmer v. Brennan,* 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

However, Plaintiff fails to state a viable claim as to Harry Allard. He alleges only that Allard improperly required him to include an incident report with his grievance. To be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The simple denial or mishandling of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Therefore, Plaintiff fails to state a viable claim against Harry Allard and he will be **DISMISSED without prejudice**.

**Count 3**

Plaintiff adequately states a claim for excessive force against Dr. Burrell for grabbing him by the throat and choking him. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

**Count 4**

Plaintiff adequately states a claim against Dr. Burrell, Dental Hygienist James, Kasey Freeman, John Doe Sergeant, Sgt. Johnson, R. Barnard, and K. Smoot for deliberate indifference in the treatment of his injured teeth. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

With respect to K. Seip, Gladyse C. Taylor, Amy Burle, and Jeffrey Dennison, Plaintiff alleges only that they mishandled or denied his grievances related to his dental care. As previously

noted, the denial or mishandling of a grievance alone does not state a claim. Because Plaintiff fails to allege that these individuals were personally involved in his dental care, he fails to state a claim against them. Accordingly, K. Seip, Gladyse C. Taylor, Amy Burle, and Jeffrey Dennison will be **DISMISSED without prejudice** as to Count 4.

Plaintiff includes only conclusory statements as to Kim Johnston regarding his dental treatment. He alleges that Johnston denied him treatment and showed harsh feelings towards him. (*See* paragraphs 63 and 65) but offers only bare conclusions which are not enough to state a claim. Therefore, Kim Johnston will be **DISMISSED without prejudice**.

### Count 5

Plaintiff sufficiently states a claim against Dr. David, Kasey Freeman, Nurse Reynolds, Nurse Blake, C/O Owens, M. Littrell, Kim Johnston, Austin Laster, Sgt Johnson, and Lt. Gentry for deliberate indifference in the treatment of his injuries resulting from the June 4, 2019 assault. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). However, he asserts only bare conclusions that K. Smoot was deliberately indifferent which is insufficient to state a claim. (*See* paragraphs 134 and 158). Accordingly, K. Smoot will be **DISMISSED without prejudice** from Count 5.

### Count 6

Plaintiff adequately states a claim against Lt. Bradford and Z. Moore for writing a false disciplinary ticket in retaliation for Plaintiff filing grievances. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005); *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012).

**Count 7**

Plaintiff also adequately states a claim for retaliation against Dental Hygienist James, Kasey Freeman, Sgt. Johnson, Dr. Burrell, Nurse Reynolds, C/O Owens, Nurse Blake, Lt. Austin Laster, and Kim Johnston. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005); *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012).

However, because Plaintiff includes only conclusory statements that K. Smoot retaliated against him (See paragraphs 158-159), K. Smoot will be **DISMISSED without prejudice**.

**Disposition**

**IT IS HEREBY ORDERED** that Wexford Health Care Provider, IDOC, and Sgt. Grear are **DISMISSED without prejudice** for failure to state a claim. The Clerk is **DIRECTED** to **TERMINATE** these parties from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that Count 1 shall proceed against Ricky Daugherty. Count 2 shall proceed against Jeffrey Dennison, Bob Allard, Amy Burle, Rob Jeffreys, Austin Laster, Christopher Housman, Intel Officer Hughes, and K. Seip, but is **DISMISSED without prejudice** as to Harry Allard. Count 3 shall proceed against Dr. Thomas Burrell. Count 4 shall proceed against Thomas Burrell, Dental Hygienist James, Kasey Freeman, John Doe Sergeant, Sgt. Johnson, R. Barnard, and K. Smoot, but is **DISMISSED without prejudice** as to K. Seip, Gladyse C. Taylor, Amy Burle, Jeffrey Dennison, and Kim Johnston. Count 5 shall proceed against Dr. David, Kasey Freeman, Nurse Reynolds, Nurse Blake, C/O Owens, M. Littrell, Kim Johnston, Austin Laster, Sgt. Johnson, and Lt. Gentry but is **DISMISSED without prejudice** as to K. Smoot. Count 6 shall proceed against Lt. Bradford and Z. Moore. Count 7 shall proceed against Dental Hygienist James, Kasey Freeman, Sgt. Johnson, Dr. Burrell, Nurse Reynolds, C/O Owens, Nurse

Blake, Lt. Austin Laster, and Kim Johnston, but is **DISMISSED without prejudice** as to K. Smoot.

The Clerk is **DIRECTED** to **TERMINATE** Gladyse C. Taylor and Harry Allard from CM/ECF.

The Clerk of Court shall prepare for Defendant Ricky Daugherty, Jeffrey Dennison, Bob Allard, Amy Burle, Rob Jeffreys, Austin Laster, C. Housman, Intel Office Hughes, K. Seip, Dr. Thomas Burrell, Dental Hygienist James, Kasey Freeman, John Doe Sgt., K. Smoot, Dr. David, Nurse Reynolds, Nurse Blake, C/O Owens, M. Littrell, Kim Johnston, Lt. Gentry, Lt. Bradford, R. Barnard, Sgt. Johnson, and Z. Moore: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/4/2019**

>  */s/ Staci M. Yandle*
>  **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a

Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**