# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CARLOS JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00882-SMY |
| | ) | |
| **RICKY DAUGHERTY,** | ) | |
| **DR. THOMAS BURRELL,** | ) | |
| **JEFFERY DENNISON,** | ) | |
| **BOB ALLARD,** | ) | |
| **RYAN HUGHES,** | ) | |
| **DEBRA JAMES,** | ) | |
| **AUSTIN LASTER,** | ) | |
| **ROB JEFFREYS,** | ) | |
| **AMY BURLE,** | ) | |
| **CHRISTOPHER HOUSEMAN,** | ) | |
| **KAREN SMOOT,** | ) | |
| **KASSONDRA FREEMAN,** | ) | |
| **KENDRA SEIP,** | ) | |
| **DR. ALFONSO DAVID,** | ) | |
| **JEFFREY GENTRY,** | ) | |
| **MELISSA LITTRELL,** | ) | |
| **REBECCA BARNARD,** | ) | |
| **MICHEL REYNOLDS,** | ) | |
| **BLAKE SCHUCHARDT,** | ) | |
| **JUSTIN OWENS,** | ) | |
| **ZACHARY MOORE,** | ) | |
| **KARL BRADFORD,** | ) | |
| **HARRY ALLARD** | ) | |
| **JOHN DOE SERGEANT 1,** | ) | |
| **CHARLES JOHNSON,** | ) | |
| **T. PIHAYATHIKHUN,** | ) | |
| **DOSS,** | ) | |
| **STEVEN D. YOUNG,** | ) | |
| **JOHN DOE SERGEANT 2,** | ) | |
| **HARRIS,** *Dental Assistant*, | ) | |
| **JANE DOE NURSE 1,** | ) | |
| **JANE DOE NURSE 2,** | ) | |
| **R. ANDERER,** | ) | |
| **T. MILLER,** | ) | |
| **JOHN DOE OFFICER 1,** | ) | |
| **JOHN DOE OFFICER 2,** | ) | |
| **JOHN DOE OFFICER 3,** | ) | |

| | |
|---|---|
| **JOHN DOE OFFICER 4,** | ) |
| **JOHN DOE TRANSFER** | ) |
| **COORDINATOR 1,** | ) |
| **JOHN DOE TRANSFER** | ) |
| **COORDINATOR 2, and** | ) |
| **WARDEN OF SHAWNEE** | ) |
| **CORRECTIONAL CENTER,[1]** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Carlos Johnson, formerly an inmate of the Illinois Department of Corrections ("IDOC"),[2] filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was incarcerated at Shawnee Correctional Center ("Shawnee"). This matter is presently before the Court on Plaintiff's Motion for Leave to File [Second] Amended Complaint. (Doc. 67).

Under Federal Rule of Civil Procedure 15(a)(1)(A), "a party may amend its pleading once as a matter of course within [] 21 days after serving it." Otherwise, pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff's Motion was filed more than 21 days after service of the Complaint and the defendants have not consented to the filing of an amended complaint.

The Court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). Additionally, the Second Amended Complaint is subject to review under 28 U.S.C. § 1915, which requires the Court to screen prisoner Complaints. Any portion of the

---

[1] The Clerk of Court shall correct Defendants' names in accordance with the case caption and Defendants' Answers. (Docs. 35, 36, 37, 38, 40, 41, 43, 58).
[2] Plaintiff was an inmate at the time of the filing of this action. (Doc.1).

2

Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**The Second Amended Complaint**

Plaintiff makes the following allegations in the Second Amended Complaint: On February 14, 2019, Plaintiff was in the commissary when Inmate Sykes threatened him in a loud voice. C/O Ricky Daugherty was also in the commissary and overheard the threat but ignored it and continued with his count. Plaintiff left the commissary building and was struck in the mouth and knocked unconscious by Sykes. Daugherty then pulled Sykes away from Plaintiff.

As a result of the February 14, 2019 assault, Plaintiff suffered an injury to his front tooth (tooth #9). Dr. Thomas Burrell saw Plaintiff for the injury and took an x-ray which showed moderate bone loss. Dr. Burrell also tried to push the tooth back, causing Plaintiff pain. He prescribed amoxicillin and ibuprofen and stated that he would follow-up with Plaintiff in 7 days.

Dr. Burrell visited Plaintiff in segregation for a follow-up examination regarding tooth # 9 on February 21, 2019. During the examination, he recommended pulling tooth #14 but Plaintiff stated that he had previously been told by a prison dentist that the tooth would need oral surgery. Dr. Burrell responded, "you are starting to irritate me." Plaintiff informed Sgt. Grear that he did not want treatment from Dr. Burrell and wanted to return to his cell, but Dr. Burrell grabbed Plaintiff by the throat and told him to open his mouth. Sgt. Grear yelled three times for Dr. Burrell to let go of Plaintiff's throat. Dr. Burrell and Dental Assistant Harris falsified information in Plaintiff's medical chart. They documented that Plaintiff refused follow-up care and an extraction of tooth #14 on February 14, 2019, February 21, 2019, and February 28, 2019.

Plaintiff wrote an emergency grievance on March 30, 2019 regarding staff conduct and medical treatment (2019-04-34). He received a letter from the warden's office dated March 29,

2019 instructing him to submit a request slip to the dentist for a visit.

Plaintiff saw Dr. Burrell on April 2, 2019 and he again offered to pull the tooth. As the two were discussing his teeth, Dental Hygienist Debra James entered the office and asked Plaintiff several times "Do you know where [you're] at? We don't have to send you nowhere to get nothing done." She then stormed out the of the office and informed a correctional officer to remove Plaintiff from the dentist office. James told Plaintiff to write a grievance about her actions. Plaintiff believes James denied him medical treatment in retaliation for writing grievances.

On April 20, 2019, Plaintiff spoke with Officer Johnson and asked for medical care because tooth #14 broke in half while he was eating lunch. Officer Johnson called Dr. Burrell about Plaintiff's tooth. Although Dr. Burrell instructed Officer Johnson to send Plaintiff over for care, John Doe Sergeant 1 denied Plaintiff's request to go to the healthcare unit and told him to lock up.

Nurse Rebecca Barnard falsified Plaintiff's medical records to show that he refused finalized plan of care and was argumentative, further denying him care.

Plaintiff wrote grievances about his dental treatment issues, but Kendra Seip kept returning them as duplicate grievances. Plaintiff also wrote Karen Smoot numerous letters about his dental treatment, but she did not respond. He wrote a grievance about his dental care and Burrell's treatment of Plaintiff, but Gladyse C. Taylor and Amy Burle denied the grievance. Jeffrey Dennison also denied a grievance related to his dental care. He was denied medical treatment by Burle, Taylor, Bob Allard, and Kendra Seip while suffering from a broken tooth for 7 months.

Plaintiff saw Dr. Burrell again on April 24, 2019 for the now broken tooth. During the visit, Sgt. Johnson stood over Plaintiff in a threatening manner while he was in the dentist chair. Plaintiff again declined Dr. Burrell's request to pull the tooth and Dr. Burrell responded to Sgt. Johnson that he told Plaintiff he could pull the tooth. Plaintiff was afraid during the visit and asked

4

to return to his cell. Plaintiff believes that Sgt. Johnson and Dr. Burrell purposefully intimidated him during the visit to prevent care and as a form of retaliation for filing grievances about his care.

On May 29, 2019, Plaintiff saw Nurse Freeman in the healthcare unit for blood pressure medication and requested care for his back tooth that was broken in half and causing him pain. Nurse Freeman went inside the dentist office and came back telling an officer "get him the hell out of here; he's been blackballed from the dentist because of so many grievances." Plaintiff did not see anyone for his teeth again. Nurse Freeman and dentist staff denied him treatment in retaliation for grievances he had filed.

Plaintiff and Inmate Sykes were both placed in segregation as a result of the February 14, 2019 assault and Sykes told other inmates in segregation that Plaintiff was a state witness and had received full immunity in a triple murder case. Plaintiff wrote an emergency grievance about the threats to Warden Jeffrey Dennison on February 14, 2019 and asked for a transfer and protective custody. He also wrote a letter to Dennison stating that he was receiving threats from Sykes and that Sykes was attempting to turn other inmates against him. The grievance was denied by Dennison, grievance officer Bob Allard, Amy Burle, and Rob Jeffreys. Plaintiff also wrote Intel Officer Hughes on February 14, 2019 about the threats but never received a response.

Plaintiff went before the Adjustment Committee on February 20, 2019. Adjustment Committee members Austin Laster and Christopher Housman asked Plaintiff if he feared for his safety over the incident that occurred on February 14, 2019. Plaintiff told the committee members that Inmate Sykes was threatening him and telling other inmates in segregation that he was a state witness and had received full immunity. Although Plaintiff requested a transfer and protective custody, Laster and Housman only recommended that Plaintiff be kept separate from Inmate Sykes.

Plaintiff wrote another emergency grievance on March 12, 2019 about the threats, stating he believed he was in danger because other inmates were also threatening him. The grievance was not deemed an emergency and was sent to counselor Harry Allard. Allard informed Plaintiff that he needed more information. Dennison, B. Allard, H. Allard, Amy Burle, Jeffreys, Kendra Seip, and IA Hughes denied Plaintiff's emergency grievances asking for protection because of the threats from Sykes and other inmates.

On June 4, 2019, Plaintiff was approached by two inmates, James Williams and Marvin Thomas, who asked Plaintiff if he was a state witness and had received immunity for a triple murder. They then stabbed Plaintiff multiple times in the face, back, arms, and chest. One of the inmates gouged his right eye with his thumb. Plaintiff's middle finger was dislocated in the attack and he was hit with a hotpot and a sock filled with batteries. Officers were in the bubble at the time of the assault. There is a clear view from the bubble, but the officers were not paying attention and failed to protect him. The officers also failed to lock all the doors, which is contrary to IDOC policy. This allowed the inmates to go into Plaintiff's cell and assault him. John Does 1-4 and John Doe Sergeant 2 were working at the time of the assault and failed to protect Plaintiff.

Plaintiff was taken to the healthcare unit by internal affairs and photos were taken. Nurse Freeman falsified the report by stating that some of the injuries were self-inflicted. Plaintiff informed Nurse Freeman that his eye hurt and he believed it was cut, but she refused to treat his eye and told him to stop being a baby. Nurse R. Anderer later noted on June 6, 2019 that Plaintiff's eye was red and had possible abrasions but did not provide any medical treatment for his eye injury. She referred him to Dr. David and prescribed Acetaminophen 325 mg, but Plaintiff never received the medication, nor did he see Dr. David.

Plaintiff met with Lt. Bradford and Z Moore in the Internal Affairs Office on June 5, 2019

and told them about the assault on June 4, 2019.  Lt. Bradford pointed out that he had a grievance from Plaintiff on his desk from February 14, 2019 and noted that it was funny that the grievance related to failure to protect.  Moore and Bradford made Plaintiff out to be the aggressor.  Bradford falsely wrote a disciplinary ticket for fighting, despite the fact that Plaintiff was the only one that received injuries in the assault by the two inmates.

Plaintiff saw Dr. David on June 6, 2019 for his dislocated finger.  Dr David pulled on Plaintiff's finger causing him pain.  Plaintiff expressed concerns about Nurse Freeman because he had filed numerous grievances against her and did not feel comfortable with her treating him.  He also expressed a concern about Nurse Freeman giving him a Toradol 60 mg shot after he had received 1500 mg of muscle relaxer (Ex H).  She injected Plaintiff with the substance against his wishes.  Dr. David continued to pull on Plaintiff's finger to reduce the dislocation but was unsuccessful and fractured the finger in the process.  Plaintiff was sent to the emergency room and his left hand was placed in a splint.  He was ordered to follow up with an orthopedic physician.  At the emergency room, Plaintiff learned that his blood pressure was 200 over 166 due to the additional medicine given by Nurse Freeman.

On June 7, 2019, Officer Doss told Plaintiff to "suck his ****" and did a robot dance back to the officer's desk.  Plaintiff reported this to the Sergeant at healthcare and filed a grievance. He let the Sergeant know that he wanted to make a PREA claim against Officer Doss for the sexual statement.  Plaintiff was kicked out of the health care unit for making a PREA complaint against Officer Doss.

Plaintiff went on a medical furlough on June 7, 2019.  He was escorted straight to segregation when he returned.  Nurse Littrell falsified Plaintiff's medical records stating that he refused care that day and that she educated him on keeping his cast clean.  Nurse Littrell did not

7

treat Plaintiff and she never provided him with medication. Later, Plaintiff requested an ice pack and pain medication. Nurse Practitioner Phillip Erthall ordered Plaintiff ice as needed and Norco 5/325 for pain. Plaintiff did not receive the prescription because Nurse Littrell and Nurse Freeman refused him treatment. Nurse T. Pihayathikhun changed the prescription to Tylenol for one week but Plaintiff only received 3 days of medication, which did not stop the pain.

On June 10, 2019, Nurse Pihayathikhun called the orthopedic physician's office and told them that Plaintiff was awaiting disciplinary transfer to another facility and would receive care at his new facility. As a result, Plaintiff was not able to see the orthopedic physician despite the fact he was not recommended for transfer until he saw the Adjustment Committee on June 13, 2019, was not approved for transfer until July 19, 2019, and was not transferred until July 31, 2019. Pihayathikhun falsified medical reports, causing a delay in treatment of 1 month and 6 days. Contrary to Pihayathikhun's note, on June 17, 2019 a note was entered in Plaintiff's medical record that "No transfer scheduled at this time. Sent referral to Wexford for surgery [consult] ortho."

Plaintiff went to the Adjustment Committee meeting with Lt. Austin Laster and Christopher Housman on June 13, 2019. They stated they heard that Plaintiff needed surgery on his left finger.

After Plaintiff was approved for surgery, Dr. Young's office waited 29 days to schedule surgery which resulted in his fractured finger healing abnormally. Plaintiff believes the delay to be seen was because he is a prisoner.

On July 8, 2019 Plaintiff went to the IA office about the PREA complaint against Doss. He told IA Hughes that Nurse Freeman had given him meds that caused extremely high blood pressure and he feared for his life. He requested a "keep separate" from Nurse Freeman and protective custody from all Wexford Health Care employees as he felt Nurse Freeman had tried to

kill him. IA Hughes told Plaintiff that he was there to discuss the PREA complaint and that he would alert mental health about his issues and make sure he receives his meds.

On July 11, 2019, Nurse Reynolds, Officer Owens, Nurse Blake, Lt. Austin Laster, Sgt. Johnson, Unknown Officers, Jane Doe Nurse 1, and Jane Doe Nurse 2 confiscated Plaintiff's splint and cast, stating that it was improperly placed. Karen Smoot had ordered Plaintiff's cast removed for non-compliance and security threat despite knowing the splint was properly placed. Plaintiff believes this was done in retaliation for filing grievances because Amy Burle contacted Shawnee about one of his grievances on July 10, 2019. Sgt. Johnson told Plaintiff he had received a phone call and that Plaintiff had stirred up a hornet's nest. Plaintiff reinjured his finger a number of times while at Shawnee because he did not have the splint for protection.

Plaintiff was scheduled for surgery on his finger on July 19, 2019. At 9:30 p.m. on July 18, 2019, Lt. Gentry and Nurse T. Miller came to his cell and told him he would have to spend the night in the healthcare unit. Plaintiff expressed his fear that nursing staff were trying to kill him and told them he did not want to go at that time. Plaintiff informed them that he was not refusing surgery but was refusing the order to spend the night in the healthcare unit. Plaintiff was not allowed to go to his appointment the next day. Lt. Gentry and Nurse Miller falsely stated that Plaintiff refused the appointment which delayed Plaintiff's surgery. Nurse Miller documented that Plaintiff stated he did not trust any Wexford employees because they are trying to kill him. The actions of Lt. Gentry and Nurse Miller denied Plaintiff his surgical procedure on July 19, 2019.

On July 31, 2019 Plaintiff was on a transfer bus with James Williams, one of the inmates that assaulted him on June 4, 2019. John Doe Transfer Coordinator 1, Warden Dennison, Austin Laster, Christopher Housman, and John Doe Transfer Coordinator 2 turned a blind eye that Plaintiff had a keep separate order regarding James Williams and they failed to protect him.

9

During the transfer, Williams spit on the right side of Plaintiff's face.

Plaintiff wrote a grievance at Western Correctional Center about the assault on the transfer bus. Amy Burle returned the grievance stating, offender is currently in segregation, upon release from segregation advise facility staff of your safety concerns. Williams relayed the information that Plaintiff was a state witness to other inmates on the transfer bus and at Western. Plaintiff asked for protective custody but was denied.

Based on the allegations in the Second Amended Complaint, the Court modifies the previously enumerated claims and adds three additional Counts:

> **Count 1:** **Ricky Daugherty failed to protect Plaintiff from the assault by Inmate Sykes on February 14, 2019 in violation of the Eighth Amendment.**
>
> **Count 2:** **Jeffrey Dennison, Bob Allard, Amy Burle, Rob Jeffreys, Austin Laster, Christopher Housman, Ryan Hughes, Kendra Seip, Harry Allard, John Doe Sgt. 2, and John Doe Officers 1-4 failed to protect Plaintiff from the June 4, 2019 assault in violation of the Eighth Amendment.**
>
> **Count 3:** **Dr. Thomas Burrell used excessive force on Plaintiff in violation of the Eighth Amendment.**
>
> **Count 4:** **Dr. Thomas Burrell, Debra James, Kassondra Freeman, John Doe Sergeant 1, Charles Johnson, Kendra Seip, Karen Smoot, Rebecca Barnard, Amy Burle, Bob Allard, Jeffrey Dennison, and Dental Assistant Harris were deliberately indifferent to Plaintiff's injured teeth from the February 14, 2019 assault.**
>
> **Count 5:** **Dr. Alfonso David, Kassondra Freeman, Michel Reynolds, Blake Schuchardt, T. Miller, R. Anderer, Justin Owens, Melissa Littrell, Charles Johnson, Austin Laster, T. Pihayathikhun, Karen Smoot, Jeffrey Gentry, Jane Doe Nurse 1, and Jane Doe Nurse 2 were deliberately indifferent to Plaintiff's injuries from the June 4, 2019 assault.**
>
> **Count 6:** **Karl Bradford and Zachary Moore wrote Plaintiff a false disciplinary ticket for fighting in retaliation for Plaintiff writing grievances in violation of the First Amendment.**

> Count 7: Debra James, Dr. Thomas Burrell, Charles Johnson, Kassondra Freeman, Charles Johnson, Michel Reynolds, Blake Schuchardt, Justin Owens, Lt. Austin Laster, Karen Smoot, Jane Doe Nurse 1, and Jane Doe Nurse 2 were deliberately indifferent in their care of Plaintiff in retaliation for Plaintiff writing grievances in violation of the First Amendment.
>
> Count 8: Officer Doss's sexual comment constituted harassment in violation of the Eighth Amendment.
>
> Count 9: Dr. Steven D. Young delayed treatment for 29 days in violation of the Eighth Amendment.
>
> Count 10: John Doe Transfer Coordinator 1, Jeffrey Dennison, Austin Laster, Christopher Housman, and John Doe Transfer Coordinator 2 failed to protect Plaintiff from the assault during the bus transfer on July 31, 2019 in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Preliminary Dismissals

Plaintiff makes allegations against a number of individuals who are not identified as defendants in the case caption or list of defendants. Any claims intended against those individuals are considered dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

Plaintiff alleges claims against each defendant in his or her individual and official capacities. However, he cannot proceed with claims for monetary damages against the defendants in their official capacities. Instead, when a plaintiff seeks monetary damages against a state

11

official, he must bring the suit against the official in his or her individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). To the extent Plaintiff seeks injunctive relief, an official capacity claim is proper against the government official responsible for ensuring any injunctive relief is carried out. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). However, because Plaintiff is no longer incarcerated (See, Docs. 68, 74), any request for injunctive relief is moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004)**.** Accordingly, the official capacity claims against the defendants are dismissed.

## Discussion

### Count 1

Plaintiff's allegations are sufficient to proceed on a claim for failure to protect against Ricky Daugherty.

### Count 2

Plaintiff's allegations are sufficient to proceed on a claim for failure to protect against Jeffrey Dennison, Bob Allard, Amy Burle, Rob Jeffreys, Austin Laster, Christopher Housman, Ryan Hughes, Kendra Seip, Harry Allard, John Does 1-4, and John Doe Sergeant 2.

### Count 3

Plaintiff 's allegations are sufficient to proceed on an excessive force claim against Dr. Thomas Burrell.

### Count 4

Plaintiff adequately states a claim against Dr. Thomas Burrell, Debra James, Kassondra Freeman, John Doe Sergeant 1, Charles Johnson, Kendra Seip, Karen Smoot, Rebecca Barnard, Amy Burle, Bob Allard, Jeffrey Dennison, and Dental Assistant Harris for deliberate indifference

in the treatment of his injured teeth.  Further, the allegations that Kendra Seip, Amy Burle, and Jeffrey Dennison knew about the inadequate medical care and approved, condoned, or turned a blind eye to it are sufficient for a deliberate indifference claim to proceed against them.  *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015)("deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it").

**Count 5**

Plaintiff sufficiently states a claim against Dr. Alfonso David, Kassondra Freeman, Michel Reynolds, Blake Schuchardt, Justin Owens, Melissa Littrell, Austin Laster, Charles Johnson, Jeffrey Gentry, Karen Smoot, T. Miller, R. Anderer, T. Pihayathikhun, Jane Doe Nurse 1, and Jane Doe Nurse 2 for deliberate indifference in the treatment of his injuries resulting from the June 4, 2019 assault.

**Count 6**

Plaintiff adequately states a claim against Karl Bradford and Zachary Moore for writing a false disciplinary ticket in retaliation for Plaintiff filing grievances.

**Count 7**

Plaintiff adequately states a claim for retaliation against Debra James, Dr. Thomas Burrell, Charles Johnson, Kassondra Freeman, Charles Johnson, Michel Reynolds, Blake Schuchardt, Justin Owens, Lt. Austin Laster, Karen Smoot, Jane Doe Nurse 1, and Jane Doe Nurse 2.

**Count 8**

In general, allegations of verbal abuse and threats do not rise to the level of cruel and unusual punishment under the Eighth Amendment. *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015). However, verbal harassment that causes psychological pain may amount to cruel

punishment under certain circumstances. *Id.* (citation omitted). Here, the single comment allegedly made by Officer Doss is not sufficient to state a claim under the Eighth Amendment, and therefore, the claim asserted against him will be dismissed without prejudice.[3]

### Count 9

Plaintiff's allegation that Dr. Young's office waited 29 days to schedule surgery does not state a deliberate indifference claim against Dr. Young because Plaintiff does not allege that Dr. Young was a state actor. As such, the claim against Dr. Young will be dismissed without prejudice.

### Count 10

Plaintiff's conclusory allegation that John Doe Transfer Coordinator 1, Warden Dennison, Austin Laster, Christopher Housman, and John Doe Transfer Coordinator 2 turned a blind eye that Plaintiff had a keep separate order regarding James Williams is insufficient to state a claim for failure to protect. There are no allegations that any of those individuals were aware of the keep separate order or that they were aware Plaintiff was placed on a transfer bus with Williams. Therefore, this claim will be dismissed without prejudice and because there are no other claims against John Doe Transfer Coordinator 1 and John Doe Transfer Coordinator 2, they will be dismissed without prejudice.

### **Identification of Doe Defendants**

The Warden of Shawnee Correctional Center will be added as a defendant, in his/her

---

[3] Even if Plaintiff's allegations were sufficient to state a claim, this claim would be subject to severance or dismissal. Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

official capacity only, for purposes of responding to discovery aimed at identifying the Doe Defendants. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the undersigned judge.  Plaintiff shall file a motion to substitute the newly identified Defendants once the names of the Doe Defendants are discovered.

## Disposition

Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 67) is **GRANTED**. The Clerk of Court is **DIRECTED** to **FILE** the proposed Second Amended Complaint submitted by Plaintiff with his motion on March 23, 2020, and add Defendants to the docket and correct names in accordance with the case caption and footnote 1.

Count 1 will proceed against Ricky Daugherty.  Count 2 will proceed against Jeffrey Dennison, Bob Allard, Amy Burle, Rob Jeffreys, Austin Laster, Christopher Housman, Ryan Hughes, Kendra Seip, Harry Allard, John Does 1-4, and John Doe Sergeant 2.  Count 3 will proceed against Dr. Thomas Burrell.  Count 4 will proceed against Dr. Thomas Burrell, Debra James, Kassondra Freeman, John Doe Sergeant 1, Charles Johnson, Kendra Seip, Karen Smoot, Rebecca Barnard, Amy Burle, Bob Allard, Jeffrey Dennison, and Dental Assistant Harris.  Count 5 will proceed against Dr. Alfonso David, Kassondra Freeman, Michel Reynolds, Blake Schuchardt, Justin Owens, Melissa Littrell, Austin Laster, Charles Johnson, Jeffrey Gentry, Karen Smoot, T. Miller, R. Anderer, T. Pihayathikhun, Jane Doe Nurse 1, and Jane Doe Nurse 2. Count 6 will proceed against Karl Bradford and Zachary Moore. Count 7 will proceed against Debra James, Dr. Thomas Burrell, Charles Johnson, Kassondra Freeman, Charles Johnson, Michel Reynolds, Blake Schuchardt, Justin Owens, Lt. Austin Laster, Karen Smoot, Jane Doe Nurse 1, and Jane Doe Nurse 2.  The Clerk of Court is **DIRECTED** to **ADD** the Warden of Shawnee

15

Correctional Center, official capacity only, for purposes of identifying the Doe Defendants.

Counts 8, 9, and 10 and Defendants Doss, Dr. Young, John Doe Transfer Coordinator 1, and John Doe Transfer Coordinator 2 are **DISMISSED without prejudice** for failure to state a claim and the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties.

The Clerk of Court shall prepare for Defendant Harry Allard, T. Pihayathikhun, Harris (*Dental Assistant*), R. Anderer, T. Miller, and the Warden of Shawnee Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Service will not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for those individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 10, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days**

from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more.  When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**