**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CARLOS JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:19-cv-00882-SMY** |
| | ) | |
| **RICKY DAUGHERTY, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

Plaintiff Carlos Johnson filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  His last filing in this case was on July 10, 2020. (Doc. 76).  The Court entered an Initial Scheduling and Discovery Order on October 27, 2020 (Doc. 108), pursuant to which Plaintiff's deadline to file a motion to substitute specific Defendants for the Doe Defendants was December 28, 2020. (*Id.*, p. 3). That deadline has passed and Plaintiff has not filed a motion to substitute or requested additional time to identify the Doe Defendants.

Defendants filed a Motion to Dismiss on December 10, 2020 based on Plaintiff's failure to fully disclose his litigation history. (Doc. 109).  On December 28, 2020, Defendants filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, along with a Notice pursuant to Federal Rule of Civil Procedure 56. (Docs. 112, 113).  Plaintiff has not filed a response to either motion or requested additional time to respond.

On March 4, 2021, the Court issued an Order for Plaintiff to show cause on or before March 22, 2021 (1) why the Doe Defendants should not be dismissed for failure to identify them by the Court ordered deadline; (2) why his failure to respond to Defendants' motions should not be

deemed an admission on the merits; and (3) why this case should not be dismissed for his failure to comply with court orders and to prosecute this case  (Doc. 116).  Plaintiff has not responded.

Accordingly, this case is **DISMISSED** without prejudice for failure comply with a court order and for failure to prosecute.  Fed. R. Civ. P. 41(b).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed; thus any amount owed on the filing fee remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty (30) days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  Moreover, if the appeal is found to be without merit, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 3, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

2